Chen C. WANG; Victoria R. Wang; EIC Group, Inc., Plaintiffs–Appellants,

v.

UNITED STATES of America; Internal Revenue Service; Special Agent Seddio; James Horio, Defendants–Appellees.

No. 90–16022.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 11, 1991.

Decided Oct. 29, 1991.

Martin A. Schainbaum, San Francisco, Cal., for plaintiffs-appellants.

R. Joseph Sher, Asst. U.S. Atty., Washington, D.C., for defendants-appellees.

Thomas J. LoSavio, Elizabeth Gardner, of Low, Ball & Lynch, San Francisco, Cal., for James Horio, defendant-appellee.

Before CANBY and KOZINSKI, Circuit Judges, and HUFF*, District Judge.

* The Honorable Marilyn Huff, United States District Judge for the Eastern District of California, sitting by designation.

CANBY, Circuit Judge:

Chen and Victoria Wang appeal from a dismissal of their civil action; they challenge three orders of the United States District Court for the Northern District of California. We vacate the first and second orders and remand to the district court for a new evidentiary hearing. We affirm the third order dismissing the Wangs' constitutional claims against James Horio.

## DISCUSSION

The Wangs hired Horio in 1980 as a "financial consultant and advisor." After uncovering what he believed to be financial improprieties, Horio volunteered to provide information, documents, and secretly recorded conversations to the Internal Revenue Service ("IRS"). Horio was officially designated a "controlled informant" for the IRS on August 21, 1982, and began delivering information to the IRS. A civil audit was subsequently resolved in the Wangs' favor. A criminal indictment against Chen Wang was dismissed after evidence was suppressed by the district court.[1]

The Wangs then sued Horio in state court on a number of contract and tort claims arising from his activities as an informant. They also asserted constitutional tort claims under the doctrine of *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Horio requested that the United States Attorney General certify, pursuant to the Federal Employees Liability Reform and Tort Compensation Act (FELRTCA), 28 U.S.C. §§ 2671–2680, that Horio was acting as an employee of the United States within the course and scope of his employment at the time of the incident out of which the Wangs' claims arose. The Attorney General initially indicated a willingness either to certify that Horio was an "employee," or to defend Horio under 28 U.S.C. § 517, but he ultimately chose not to make the certification. Horio then petitioned the district court for certification.

The district court held an evidentiary hearing on Horio's petition. The Wangs sought to participate. The district court excluded the Wangs after holding that their offer of proof failed to demonstrate that they could contribute useful information in the hearing. *Wang v. Horio,* 741 F.Supp. 1373, 1377 (N.D.Cal.1989). On the basis of the evidence produced by the United States and Horio at the hearing, the district court certified that Horio was an "employee" of the United States as defined by 28 U.S.C. § 2671, and was acting within the scope of his employment, within the meaning of 28 U.S.C. § 2679(d)(3), when he served as an informant for the IRS. *Id.* at 1377–79.

As a consequence of the certification, the district court substituted the United States for Horio as the defendant on the Wangs' state law claims, *see* 28 U.S.C. § 2679(d), and dismissed the claims for failure to exhaust administrative remedies. *See* 28 U.S.C. § 2675. The district court also dismissed the Wangs' constitutional claims against Horio for failure to state a claim upon which relief may be granted. Fed. R.Civ.P. 12(b)(6). All claims having been dismissed, the Wangs appealed.

*Exclusion from the Hearing*

█ We held in *Meridian International Logistics, Inc. v. United States,* 939 F.2d 740 (9th Cir.1991), that certification determinations by the Attorney General are subject to judicial review. *Id.* at 743–45. In *Meridian International,* the plaintiff challenged a voluntary certification and substitution of the United States for the defendant. The district court approved the certification and we affirmed, even though FBI declarations central to the court's decision were reviewed in-camera pursuant to an ex parte application by the government. The district court's limited exclusion of the plaintiff from the certification proceedings was permissible only because of the extraordinary circumstances created by the confidential FBI declarations. We expressly reaffirmed the traditional rule that "in

---

1. The district court did not suppress any evidence because of illegality or misconduct on Horio's part.

our judicial system adversary proceedings are the norm and ex parte proceedings the exception." *Id.* at 745. The unavoidable implication of our decision in *Meridian International* is that, absent extraordinary circumstances, plaintiffs must be provided with a full and fair opportunity to participate in evidentiary hearings on the question of whether a defendant will be certified an "employee" of the United States acting within the scope of his employment.[2]

The government argues that the limited exclusion of the Wangs was harmless error because they were permitted adequate participation in the hearing. The district court considered the Wangs' written submissions and certain positions and objections stated on the record by the Wangs' attorney. The district court denied the Wangs an opportunity to present evidence and witnesses, and to cross-examine the witnesses presented by the United States and Horio. *Wang v. Horio*, 741 F.Supp. at 1377. Further, the district court considered the Wangs' offer of proof and concluded that it failed to demonstrate that they would contribute relevant material to the hearing. *Id.*

While we assume without deciding that some exclusions could be harmless error, the exclusion of the Wangs was not. The unpredictability of the adversarial process does not permit us to conclude, as the government urges, that either evidence of what occurred in the Wangs' absence or an offer of proof of what might have occurred in the Wangs' presence reasonably approximates the actual results of the Wangs' full participation in the hearing. As this case indicates, certification will often have a fatal effect on a plaintiff's nonconstitutional claims by permitting the assertion of defenses available only to the United States. Absent strong evidence to the contrary, we conclude that the district court's decision to exclude the Wangs from full and fair participation in the hearing effected prejudice.

The government also argues that the district court's exclusion of the Wangs was harmless error because California law would provide Horio with absolute immunity from liability based on his informing authorities of criminal activity. *See Forro Precision, Inc. v. IBM*, 673 F.2d 1045, 1053–56 (9th Cir.1982). As a result, even if the Wangs had succeeded in defeating the substitution of the United States for Horio, their claims would be barred. Accepting this argument would require us to conclude on a limited record without sufficient briefing that the Wangs will lose a legal argument at a later proceeding in a different forum. We are unwilling to make this series of leaps. The Wangs are entitled to an opportunity to address these immunity questions on a better developed record than the one which is presently before us.

We vacate the district court's orders certifying that James Horio was an "employee" of the United States and dismissing without prejudice the Wangs' state law claims. We remand for a new evidentiary hearing consistent with this opinion.[3]

*Constitutional Claims* [4]

The revised second amended complaint purported to allege that Horio had violated the Wangs' rights under the first, fourth, fifth, sixth, and fourteenth amendments to the United States Constitution. The district court dismissed the complaint with clear explanations of the insufficiencies in each count. We review de novo a district court's ruling on a motion to dismiss for failure to state a claim upon which relief can be granted. *Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir.1986).

---

**2.** The government conceded this point on appeal, acting in accord with the decisions of our sister circuits in *S.J. & W. Ranch, Inc. v. Lehtinen*, 913 F.2d 1538, 1542 (11th Cir.1990), *modified*, 924 F.2d 1555 (11th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 62, 116 L.Ed.2d 37 (1991), and *Melo v. Hafer*, 912 F.2d 628, 641 (3d Cir. 1990), *cert. granted*, 111 S.Ct. 1070, 112 L.Ed.2d 1176 (1991). *See also Hamrick v. Franklin*, 931 F.2d 1209, 1211–12 (7th Cir.1991); *Nasuti v. Scannell*, 906 F.2d 802, 813 (1st Cir.1990); *Arbour v. Jenkins*, 903 F.2d 416, 421 (6th Cir.1990).

**3.** At the new evidentiary hearing the Wangs' may challenge both whether Horio was an employee of the United States and, if so, whether he acted within the scope of his employment at all relevant times.

**4.** *Bivens* claims are excepted from the certification and substitution procedures of FELRTCA. *See* 28 U.S.C. § 2679(b)(2)(A).

■ We agree with the district court's carefully reasoned and well-supported conclusion that the Wangs' allegations of first, fifth, sixth, and fourteenth amendment violations were utterly insufficient in each instance to rise to the level of well-pled constitutional claims. The allegations that Horio obtained the Wangs' private documents and provided them to the IRS might have been consistent with a valid fourth amendment claim; they are defeated, however, by the fact that the Wangs voluntarily provided Horio with the information and documents he turned over to the IRS.[5] The invited informer doctrine makes clear that the Wangs did not have a reasonable expectation of privacy in their voluntary conversations with Horio or in the documents which they voluntarily provided to Horio. *United States v. Miller*, 425 U.S. 435, 443, 96 S.Ct. 1619, 1624, 48 L.Ed.2d 71 (1976); *United States v. Aguilar*, 883 F.2d 662, 698–99 (9th Cir.1989), *cert. denied*, — U.S. —, 111 S.Ct. 751, 112 L.Ed.2d 771 (1991) (explaining the invited informer doctrine). The Wangs' allegations of misplaced trust do not rise to the level of valid constitutional claims.

We affirm the dismissal of the Wangs' constitutional claims against James Horio. Each party will bear its own costs.

AFFIRMED IN PART, REVERSED AND REMANDED IN PART.

---

5. The complaint alleges that Horio took "Plaintiffs' documents and other writings without Plaintiffs' consent and [disclosed] such items to the Internal Revenue Service, while said agency was conducting a criminal investigation...." The Wangs' counsel conceded at oral argument that Horio had access to all of the documents he provided to the IRS in his role as the Wangs'

financial advisor. The only use of the documents by Horio to which the Wangs claim they did not consent was, unsurprisingly, the release of the documents to the IRS.

