977 F.2d 588
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
George COON, Plaintiff-Appellant,
v.
Herbert L. FEY; Harry W. Anderson, Defendants-Appellees.
 No. 91-36376.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1992.*
Decided Oct. 1, 1992.
 
 Before: GOODWIN, D.W. NELSON, and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 George Coon appeals pro se the district court's denial of his motion for reconsideration of the court's dismissal of his action against the United States, as substitute defendant for Harry W. Anderson, an Internal Revenue Service ("IRS") employee. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we vacate and remand.[1]
 
 
 3
 * Background
 
 
 4
 On May 28, 1991, Coon filed a complaint in the Superior Court for the State of Alaska against Herbert L. Fey and Anderson. The complaint alleged that the defendants prepared and published a fraudulent statement causing Coon damage. The United States removed the case to federal court and substituted itself for Anderson based on the Attorney General's certification that Anderson, an IRS employee, was acting within the scope of his employment in committing the acts which gave rise to the civil action. See 28 U.S.C. § 2679(d). The United States then filed a motion to dismiss the action as barred by sovereign immunity. The court dismissed the complaint as to the United States with thirty days to amend and ordered the action remanded to state court as to defendant Fey. Coon filed a motion for reconsideration which the court denied. Coon appeals from this denial.
 
 II
 Merits
 
 5
 On appeal, Coons contends that the district court erred by failing to hold a hearing on the issue of whether Anderson was acting within the scope of his employment. This contention has merit. In Meridian Int'l Logistics, Inc. v. United States, we held that the Attorney General's certification pursuant to 28 U.S.C. § 2679(d) was subject to de novo judicial review both by the district court and by the courts of appeal. 939 F.2d 740, 744-45 (9th Cir.1991). Moreover, in Wang v. United States, we held that a plaintiff is entitled to participate in an evidentiary hearing considering certification. 947 F.2d 1400, 1401-02 (9th Cir.1991) ("absent extraordinary circumstances, plaintiffs must be provided with a full and fair opportunity to participate in evidentiary hearings on the question of whether a defendant will be certified an 'employee' of the United States acting within the scope of his employment").
 
 
 6
 Here, no hearing was held despite Coon's objection to certification in his opposition to the United States' motion to dismiss and in his motion for a pretrial conference. Moreover, the language of the district court's order granting the United States' motion to dismiss does not indicate that the court reviewed de novo the issue of certification. Given these circumstances, we vacate and remand for an evidentiary hearing consistent with this decision. See id. at 1402.
 
 
 7
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 After dismissing the United States, the district court ordered that the action as to the other defendant be remanded to state court. Dismissal of the United States by a federal court, followed by a remand of the case to state court is an appealable order. Gallea v. United States, 779 F.2d 1403, 1404 (9th Cir.1986)