**Edward I. ARTHUR, Plaintiff–Appellee,**

**v.**

**UNITED STATES of America, Acting By and Through the VETERANS ADMINISTRATION, Defendants,**

**and**

**Barbara Battalino, D.O., an individual, Defendant–Appellant.**

No. 93–35967.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 6, 1994.

Decided Jan. 4, 1995.

---

Phillip J. Collaer, Quane, Smith, Howard & Hull, Boise, ID, for defendant-appellant.

Lowell V. Sturgill, Jr., Asst. U.S. Atty., Washington, DC, for plaintiff-appellee.

Before: LAY,* TROTT and T.G. NELSON, Circuit Judges.

T.G. NELSON, Circuit Judge:

## OVERVIEW

Barbara Battalino, D.O., a former federal employee, appeals the district court's denial of her motion to expand the scope of employment certification and dismiss her as a party, pursuant to the Federal Employees Liability Reform and Tort Compensation Act (FELRTCA), in a tort action brought against her and the Veterans Administration (VA) by Edward Arthur. Dr. Battalino contends that the scope certification should be expanded to reflect that she was acting within the scope of her employment as a Veterans Administration clinical psychiatrist as to all claims in Mr. Arthur's complaint. Mr. Arthur alleges that he was sexually abused and harassed by Dr. Battalino in the course of his psychiatric treatment. We vacate the district court's order and remand the case for further proceedings.

## BACKGROUND AND PROCEEDINGS

During the summer of 1991, Mr. Arthur was receiving out-patient psychiatric care through the VA in Boise, Idaho. In addition to engaging in therapy with a VA clinical psychologist, Mr. Arthur also consulted with Dr. Battalino concerning his medications. This lawsuit arises out of Dr. Battalino's alleged sexual harassment and abuse of Mr. Arthur.

* Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

Following the VA's denial of an administrative claim filed on Mr. Arthur's behalf and pursuant to the Federal Tort Claims Act, he filed this action against Battalino and the United States. Mr. Arthur alleges claims of medical malpractice and intentional and negligent infliction of emotional distress against both defendants. He also alleges a claim of abandonment on the part of the VA, as well as a claim that the VA was negligent in hiring, training, and supervising Dr. Battalino and in failing to protect him from her.

Mr. Arthur alleges that Dr. Battalino sexually abused and harassed him in her office at the VA on June 27, 1991, and that she attempted to initiate an ongoing sexual relationship with him thereafter. All of the above allegations come within the complaint's general allegation that Dr. Battalino was within the course and scope of her employment with the VA. The complaint also alleges that after Dr. Battalino's termination by the VA, she "embarked upon a course of professional misconduct and harassment calculated to dissuade [Arthur] from pursuing legal remedies against Defendants."

After investigating the allegations, the Department of Justice decided to certify that Dr. Battalino was acting within the scope of her employment for all allegations up to and including June 27, 1991, but not thereafter. The certification filed by the Government pursuant to 28 U.S.C. § 2679(d) states that:

> Barbara Battelino [sic], D.O., was acting within the scope of her employment as an employee of the United States as to any claims alleged in the Complaint filed herein, which arose up to and including June 27, 1991. This certification is specifically limited to the claims arising on or before June 27, 1991.

Subsequently, Dr. Battalino filed a motion pursuant to 28 U.S.C. § 2679(d)(3) requesting that the court expand the scope certification by finding that she was acting within the scope of her employment as to any claims arising after June 27, 1991, and therefore to dismiss her entirely from the case and substitute the United States as the named defendant.

Based on the written record (including an affidavit submitted by Dr. Battalino), the district court denied her motion. The court explained that "[a]rguably, Arthur's complaint sets forth some claims which arise from acts which may have fallen within the scope of Dr. Battalino's employment as a psychiatrist at the VA and the United States' partial Certification serves as acknowledgment of this." The court determined that under Idaho principles of respondeat superior, the complaint also alleged acts which, "if true, clearly fall *outside* the scope of Dr. Battalino's employment with the VA." The result is that Dr. Battalino must therefore be represented by retained counsel as to claims involving conduct subsequent to June 27, 1991, and she remains a named defendant. *See* 28 U.S.C. § 2679(d)(3).

 An order denying substitution of the United States as defendant under the FELRTCA is immediately appealable. *Pelletier v. Federal Home Loan Bank*, 968 F.2d 865, 873 (9th Cir.1992). Battalino timely appeals. We have jurisdiction pursuant to 28 U.S.C. § 1291.

## DISCUSSION

 In *Westfall v. Erwin*, 484 U.S. 292, 108 S.Ct. 580, 98 L.Ed.2d 619 (1988), the Supreme Court limited the tort immunity of federal employees acting within the scope of their employment to discretionary acts. *Id.* at 297–98, 108 S.Ct. at 584. In response, Congress passed the FELRTCA, 28 U.S.C. § 2679, also known as the Westfall Act.[1]

---

1. Title 28 U.S.C. § 2679 provides in relevant part:

> (b)(1) The remedy against the United States provided by [the Federal Tort Claims Act] for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his or her office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee. Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred.

> \* \* \* \* \* \*

> (c) The Attorney General shall defend any civil action or proceeding brought in any court

The FELRTCA is intended to provide federal employees with absolute immunity from suit for common law torts committed within the scope of their employment.

The immunity is implemented by a procedure under which a defendant in a civil action who contends that she was an employee of the Government acting within the scope of her employment at the time of the claimed act or omission, delivers the pleadings and process to her superior. 28 U.S.C. § 2679(c). The Attorney General may then certify that the employee was within the scope of her employment at the time of the incident. *Id.* at § 2679(d)(1), (2). The United States is then substituted as a party defendant, and the case must be removed to federal district court if it was commenced in state court. *Id.*

If the Attorney General refuses to certify scope of office or employment, the employee may request the district court to "find and certify that the employee was acting within the scope of his office or employment." *Id.* at § 2679(d)(3). We have previously held that the Attorney General's certification decision is subject to review in the same manner as a refusal to certify and that both the district court's and this court's review are *de novo. Meridian Int'l Logistics, Inc. v. United States,* 939 F.2d 740, 744–45 (9th Cir. 1991).

■■■ The *Meridian* case did not squarely answer the question of how the district court should review the certification. That case involved a claim against an FBI agent, and the district court sealed the FBI's declara-

tions concerning scope of the agent's employment, and reviewed them *in camera. Id.* at 742. On remand, we simply told the district court to "entertain further documentary proof." *Id.* at 745. Our later cases have made it clear, however, that the district court can hold adversarial evidentiary hearings, *Wang v. United States,* 947 F.2d 1400, 1402 (9th Cir.1991), and resolve disputed questions of fact. *Pelletier,* 968 F.2d at 874; *see also Green v. Hall,* 8 F.3d 695, 699 (9th Cir.1993) (district court denied certification after a hearing at which documentary evidence, but no live testimony, was received, concluding that army reservists drove from the base for personal reasons), *cert. denied,* —— U.S. ——, 115 S.Ct. 58, 130 L.Ed.2d 16 (1994).

■■■ As we pointed out in *Pelletier,* the immunity issue should be decided at an early stage of the case, and a motion for summary judgment on the immunity issue is an appropriate vehicle for making that determination. 968 F.2d at 870, 871. However, where disputed issues of fact exist relevant to immunity, summary judgment will not be appropriate until the district court has held an evidentiary hearing and resolved the disputes by formal findings. *See Wang,* 947 F.2d at 1402; *see also Melo v. Hafer,* 13 F.3d 736, 746–47 (3rd Cir.1994); *Kimbro v. Velten,* 30 F.3d 1501, 1508 (D.C.Cir.1994), *petition for cert. filed,* (U.S. November 1, 1994) (No. 94–6703).

The district court relied on Dr. Battalino's declaration in denying her motion for certification. In that declaration, she said that

against any employee of the Government or his estate for any such damage or injury....

(d)(1) Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such a claim in the United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

(2) Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at

the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed....

(3) In the event that the Attorney General has refused to certify scope of office or employment under this section, the employee may at any time before trial petition the court to find and certify that the employee was acting within the scope of his office or employment. Upon such certification by the court, such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant....

while Mr. Arthur had requested that she provide a second opinion concerning his medication, "at no time did [Dr. Battalino] engage in a therapeutic relationship with Mr. Arthur." As Dr. Battalino points out in this court, the district court did not consider the allegations in the complaint that at all times mentioned in the complaint, unless specifically alleged otherwise, "Dr. Battalino was acting within the course and scope of her employment...." The period after June 27, 1991, and prior to Dr. Battalino's leaving the VA is within the time during which Dr. Battalino was claimed to have been acting within the scope of her employment.

The district court's ruling left Dr. Battalino in an awkward position. She is apparently contending that she was not acting as a physician after June 27, 1991, and therefore after that time there would be no professional liability. However, Mr. Arthur's claim that she was acting as a physician within the scope of her employment during that time was not foreclosed by the district court's order. Dr. Battalino will have to either argue inconsistent positions or abandon one element of her defense.

■ Inconsistent legal positions are not foreclosed by the Rules of Civil Procedure. However, a claim that "I was not acting as a doctor, but if I were, I was within the scope of my employment" is singularly unconvincing to a trier of fact. More importantly, it is also unnecessary to put an employee to the choice when she may be entitled to immunity.

■ The question of scope of employment should be decided early in the proceedings with sufficient finality to bind the parties in the later stages of the case. The failure of the district court to resolve the factual claims of Mr. Arthur on the scope of Dr. Battalino's employment left her in the position of defending a claim by him as to which the Government had already prevailed as to her.

This renders the certification process ineffective and leaves the immunity question to be resolved at the end of the case, contrary to the teachings of *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985), and its progeny.

The district court's indication that it was willing to revisit the question at the end of the case and order the United States to reimburse Dr. Battalino if she was acting within the scope of her employment does not address the problem. As Dr. Battalino points out, she may not have the resources to carry the fight that far. If she is entitled to immunity from suit, she should know that before defending the suit.[2] *See Pelletier*, 968 F.2d at 874 ("[T]he entitlement at issue is like an absolute immunity in that it is effectively lost if a case is erroneously permitted to go to trial." (quotation and brackets omitted)).

■ We hold that when a district court is reviewing a certification question under the Westfall Act, it must identify and resolve disputed issues of fact necessary to its decision before entering its order. In doing so, it should hold such hearings as appropriate (including an evidentiary hearing if necessary), and make the findings necessary to bind the parties by its decision and enable them to appeal the certification decision if they deem an appeal necessary.[3]

The order of September 23, 1993, is vacated insofar as it denies Dr. Battalino's motion for certification and the case is remanded for further proceedings.

VACATED and REMANDED.

---

**2.** While Dr. Battalino may have to defend herself against the claims concerning post-employment conduct, we need not decide that issue here. *See* 28 U.S.C. § 2679(b)(1) ("Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee ... is precluded without regard to when the act or omission occurred.") Assuming she is not entitled to a defense after termination,

the cost of such a defense would be less than the additional costs she faces in defending against liability for conduct from June 27, 1991, to the end of her employment.

**3.** Because our decision rests on procedural grounds, we express no opinion on the merits of the district court's analysis of Idaho law.