**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PAMELA MANSFIELD, | No. 15-35788 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-00948-JLR |
| v. | |
| DAWN JONES PFAFF, an individual; JESSICA REICHOW, an individual; MARA FLETCHER, an individual; JERRY PALMER, M.D., an individual; UNITED STATES OF AMERICA, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Argued and Submitted December 7, 2017
Seattle, Washington

Before: HAWKINS, McKEOWN, and CHRISTEN, Circuit Judges.

This appeal stems from the University of Washington's ("UW") decision to

terminate Pamela Mansfield's employment as a research nurse in a Veterans'

Administration-affiliated diabetes research study led by Dr. Jerry Palmer, a UW

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Professor of Medicine.  Mansfield was terminated after accusing her subordinate, Dawn Jones-Pfaff, of assault.  Because the parties are familiar with the facts, we do not repeat them here.

Mansfield filed a complaint in state court asserting common-law tort claims against Pfaff and another co-worker, Jessica Reichow, and a First Amendment retaliation claim under 42 U.S.C. § 1983 against Dr. Palmer and Mara Stevens, a UW Human Resources manager.  Pursuant to the Federal Employees Liability Reform and Tort Compensation Act, 28 U.S.C. § 2679 (the "Westfall Act"), the U.S. Attorney General certified that defendants Pfaff and Reichow were federal employees acting within the scope of employment at all times relevant to Mansfield's common-law tort claims, substituted the United States as sole defendant, and removed the action to federal district court.

The district court upheld the Westfall Act certification, concluding that Mansfield failed to carry her burden of proof as to whether Pfaff assaulted Mansfield or whether Pfaff and Reichow conspired to lie about the incident to get Mansfield fired.  The district court also granted the motion filed by Dr. Palmer and Stevens for summary judgment on Mansfield's First Amendment retaliation claim. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## 1. Evidentiary Hearing on Westfall Act Certification

The district court correctly understood that an evidentiary hearing to review the Attorney General's Westfall Act certification is discretionary. *Arthur v. United States*, 45 F.3d 292, 296 (9th Cir. 1995) ("[W]hen a district court is reviewing a certification question under the Westfall Act, it must identify and resolve disputed issues of fact necessary to its decision before entering its order. In doing so, it should hold . . . hearings *as appropriate* (including an evidentiary hearing *if necessary*), and make the findings necessary to bind the parties by its decision and enable them to appeal the certification decision if they deem an appeal necessary." (emphasis added)). In two separate orders, the district court explained its reasoning. These orders made "findings necessary to bind the parties . . . and enable them to appeal the certification decision." *Id*. The district court did not abuse its discretion in declining to hold an evidentiary hearing on the certification.

## 2. Westfall Act Immunity

The district court properly upheld Pfaff's Westfall Act immunity because Mansfield failed to carry her burden of proving by a preponderance of the evidence that Pfaff assaulted her or agreed with Reichow to lie about it. *See Saleh v. Bush*, 848 F.3d 880, 889 (9th Cir. 2017) ("[T]he party seeking review bears the burden of presenting evidence and disproving the Attorney General's decision to grant or deny scope of employment certification by a preponderance of the evidence." (quoting

*Green v. Hall*, 8 F.3d 695, 695 (9th Cir. 1993))). The question is not whether Mansfield was assaulted; rather, the only question is whether Mansfield carried her burden to demonstrate that Pfaff was more likely than not the attacker. We agree with the district court that the evidence, including the circumstantial evidence presented by Mansfield, does not establish by a preponderance of evidence that Pfaff was Mansfield's attacker or that Pfaff and Reichow agreed to lie about the attack in order to get Mansfield fired. Accordingly, the district court properly upheld Pfaff's and Reichow's Westfall Act immunity with respect to Mansfield's common-law tort claims.

### 3. First Amendment Retaliation Claim

To survive a summary judgment motion, a plaintiff alleging a First Amendment retaliation claim under 42 U.S.C. § 1983 must raise a triable issue of fact on five separate factors:

> (1) whether the plaintiff spoke on a matter of public concern;
> (2) whether the plaintiff spoke as a private citizen or public employee; (3) whether the plaintiff's protected speech was a substantial or motivating factor in the adverse employment action; (4) whether the state had an adequate justification for treating the employee differently from other members of the general public; and (5) whether the state would have taken the adverse employment action even absent the protected speech.

*Eng v. Cooley*, 552 F.3d 1062, 1070 (9th Cir. 2009). Assuming for the sake of argument that Mansfield spoke on matters of public concern, the district court properly granted summary judgment to Dr. Palmer and Stevens because Mansfield

4

failed to raise a triable issue of fact whether she spoke as a private citizen and whether her speech was a substantial or motivating factor in her termination.

"Statements are made in the speaker's capacity as a citizen if the speaker had no official duty to make the questioned statements, or if the speech was not the product of performing the tasks the employee was paid to perform." *Id.* at 1071 (quoting *Posey v. Lake Pend Oreille Sch. Dist. No. 84*, 546 F.3d 1121, 1127 n.2 (9th Cir. 2008)). The court answers that mixed question of law and fact in two parts. *Posey*, 546 F.3d at 1129. "First, a factual determination must be made as to the 'scope and content of a plaintiff's job responsibilities.'" *Johnson v. Poway Unified Sch. Dist.*, 658 F.3d 954, 966 (9th Cir. 2011) (quoting *Eng*, 552 F.3d at 1071). "Second, the 'ultimate constitutional significance' of those facts must be determined as a matter of law." *Id.* (quoting *Eng*, 552 F.3d at 1071).

The district court correctly found that all of Mansfield's reports to Dr. Palmer, the University's Human Subjects Division ("HSD"), and the University Institutional Review Board ("IRB") regarding alleged protocol violations were made in her capacity as a public employee. Additionally, there is no genuine dispute that Mansfield made her reports "pursuant to her official duties," *Freitag v. Ayers*, 468 F.3d 528, 546 (9th Cir. 2006)—that is, that her speech was "the product of performing the tasks [she] was paid to perform," *Eng*, 552 F.3d at 1071 (quoting *Posey*, 546 F.3d at 1127 n.2).

Mansfield's reports to the Washington State Auditor, however, were private speech. *See Freitag*, 468 F.3d at 545 (recognizing that the "right to complain . . . to an independent state agency is guaranteed to any citizen in a democratic society regardless of [her] status as a public employee" (citing *Pickering v. Bd. Of Educ.*, 391 U.S. 563, 568 (1968))). Nevertheless, private speech must have been "a substantial or motivating factor in the adverse employment action" in order to establish a claim of First Amendment retaliation. *Eng*, 552 F.3d at 1070. None of the admissible evidence Mansfield cites, however, supports the conclusion that Dr. Palmer knew of Mansfield's contact with the Auditor before he recommended her termination. Accordingly, Mansfield failed to carry her burden of proof with respect to this factor.

Finally, Mansfield's claim against Stevens was predicated on a theory of imputed First Amendment retaliation. *See Poland v. Chertoff*, 494 F.3d 1174, 1182 (9th Cir. 2007). Because Mansfield failed to raise a triable issue of fact as to whether Dr. Palmer intentionally retaliated against her, Mansfield's First Amendment retaliation claim against Stevens fails as well.

**AFFIRMED.**