967 F.2d 591
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
TOLLEFSEN & COMPANY, P.C., an Oregon corporation; John J.
Tollefsen; Lane E. Tollefsen, and their marital
community, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 91-35785.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 3, 1992.*
Decided June 5, 1992.
 
 Before FARRIS, WILLIAM A. NORRIS and KOZINSKI, Circuit Judges.
 MEMORANDUM**
 The district court held that it lacked jurisdiction to review the Attorney General's certification under 28 U.S.C. § 2679(d)(1) that the three originally named defendants were acting within the scope of their employment at the time of the actions that gave rise to this suit. Accordingly, it substituted the United States as defendant without considering whether the original defendants were acting within the scope of their employment. The district court's dismissal of the suit for failure to exhaust administrative remedies turned on the substitution of the United States as defendant.
 We have recently held that Congress did not intend to preclude judicial review of § 2679(d)(1) certifications and that district courts must review such certifications de novo. Meridian International Logistics, Inc. v. United States, 939 F.2d 740, 744-45 (9th Cir.1991). Accordingly, we reverse and remand for consideration of whether the original defendants were acting within the scope of their employment.
 REVERSED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3