15 F.3d 1084
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Klaus Robert DEGEN; Celia Degen, Plaintiffs-Appellants,
v.
Edward L. THARP, and Jane Doe Tharp, husband and wife and
their marital community, Defendants-Appellees.
 No. 92-35390.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 5, 1993.
Decided Dec. 28, 1993.
 
 1
 Before: GOODWIN and HUG, Circuit Judges, and McKIBBEN,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 The issue in this case is whether the district court properly found that Edward Tharp, a government employee, was absolutely immune from the Degens' tort action, because Tharp was acting within the scope of his employment when he committed the actions that allegedly caused injury. We have jurisdiction to review the district court's dismissal of this action for lack of subject matter jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 I.
 
 4
 The Federal Employees Liability Reform and Tort Compensation Act, 28 U.S.C. Sec. 2679 (1988), amending the Federal Tort Claims Act, 28 U.S.C. Secs. 1346(b), 2671 et seq., specifically excepts claims arising out of libel, slander, or interference with contractual rights. Meridian Int'l Logistics, Inc. v. United States, 939 F.2d 740, 742-43 (9th Cir.1991); 28 U.S.C. Sec. 2680(h). Degen's complaint is limited to defamation, interference with contractual rights, infliction of emotional distress, and a resulting loss of consortium. Therefore, if Tharp was acting within the scope of his employment, the FTCA does not provide federal subject matter jurisdiction over the Degens' suit against the United States.
 
 
 5
 The exclusive remedy for a wrongful act of any employee of the federal government while acting within the scope of his employment is an action against the United States under the FTCA. United States v. Smith, 111 S.Ct. 1180, 1183 (1991); 28 U.S.C. Sec. 2679(b)(1). As in Meridian, "the only means of survival" for the Degens' action is as a suit against Tharp in his personal capacity. Meridian, 939 F.2d at 743. This may occur only if the substitution of the United States as defendant can be reversed by a showing that Tharp acted beyond the scope of his employment when he took the alleged actions. Id.
 
 
 6
 We review de novo the district court's decision that Tharp was acting within the scope of his employment. Id. at 745. "[T]he party seeking review bears the burden of presenting evidence and disproving the Attorney General's decision to grant or deny scope of employment certification by a preponderance of the evidence." Green v. Hall Nos. 92-35280, 92-36770, slip op. at 12,213 (9th Cir. Oct. 29, 1993).
 
 
 7
 The scope of employment is determined according to the principles of respondeat superior of the state in which the tort occurred. Lutz v. Secretary of the Air Force, 944 F.2d 1477, 1488 (9th Cir.1991). Under Washington law, the test for determining whether an employee acted within the scope of his employment is
 
 
 8
 whether the employee was, at the time, engaged in the performance of the duties required of him by his contract of employment, or by specific direction of his employer; or ... whether he was engaged at the time in the furtherance of the employer's interest.
 
 
 9
 Dickinson v. Edwards, 716 P.2d 814, 819 (Wash.1986) (citing Elder v. Cisco Constr. Co., 324 P.2d 1082 (Wash.1958)); see Ward v. Gordon, 999 F.2d 1399, 1404 (9th Cir.1993) (applying Washington law). "[I]f the purpose of serving the employer's business 'actuates the servant to any appreciable extent,' " the employer is liable for the conduct of the employee, even if the employee's predominant motive is to benefit himself. Vollendorff v. United States, 951 F.2d 215, 218 (9th Cir.1991) (quoting Leuthold v. Goodman, 157 P.2d 326, 330 (Wash.1945)).
 
 
 10
 Although Tharp's report may not have been specifically required by the INS Operations Instructions, because Degen's alleged conduct occurred prior to the beginning of his INS employment, Tharp's report was "of the same general nature as that authorized." See Vollendorff, 951 F.2d at 219 (quoting Cameron v. Downs, 650 P.2d 260 (Wash.Ct.App.1982)). Tharp had a general duty to the INS to notify his superiors of information that might relate to security problems or to the inability of one of his employees to perform his job properly. David Milne's declaration adequately addresses the Degens' specific factual allegations, unlike those in Meridian, 939 F.2d at 745. Gary Phillips' declaration, offered by the Degens, contains a conclusory statement that Tharp had not followed proper procedure, but cites no INS authority precluding an INS employee from reporting such a matter to a regional security officer.
 
 
 11
 The Degens focus on allegations by Phillips and Al Dietering that Tharp was acting to satisfy his own personal agenda, not the interests of the INS. However, Tharp's action was connected to his employment, unlike the actions in Kyreacos v. Smith, 572 P.2d 723 (Wash.1977), Hein v. Chrysler Corp., 277 P.2d 708 (Wash.1954), and other cases relied upon by the Degens.
 
 
 12
 The Tharps are absolutely immune from suit and the district court lacks subject matter jurisdiction over the Degens' suit against the United States under the FTCA.
 
 
 13
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Howard D. McKibben, United States District Judge for the District of Nevada, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3