29 F.3d 631
 74 A.F.T.R.2d 94-5218
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
George COON, Plaintiff-Appellant,
v.
Herbert L. FEY; United States of America, Defendants-Appellees.
 No. 93-35395.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1994.*
Decided June 24, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 George Coon appeals pro se the district court's summary judgment for the United States, as substitute defendant for Harry W. Anderson, an Internal Revenue Service ("IRS") employee, in Coon's Federal Tort Claims Act ("FTCA") action alleging that Anderson urged defendant Herbert L. Fey to make a false written statement about Coon's tax liability. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review de novo, Smolen v. Deloitte, Haskins & Sells, 921 F.2d 959, 963 (9th Cir.1990), and we affirm.
 
 
 3
 Summary judgment is proper if the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue of material fact, and the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); Smolen, 921 F.2d at 963. Once the moving party meets its initial burden of showing the absence of any disputed issues of fact, the nonmoving party must go beyond the pleadings and present specific facts that show there is a genuine issue for trial. Fed.R.Civ.P. 56(e); Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986); Smolen, 921 F.2d at 963.
 
 
 4
 The Federal Employees Liability Reform and Tort Compensation Act ("FELRTCA") immunizes United States employees from liability for their "negligent or wrongful act[s] or omission[s] ... while acting within the scope of [their] office or employment." 28 U.S.C. Sec. 2679(b)(1). Upon certification by the Attorney General that the defendant was acting within the scope of his employment at the time of the event giving rise to the plaintiff's claim, FELRTCA requires the substitution of the United States as the defendant. Id. Sec. 2679(d)(1). Once the United States is substituted as the defendant, the plaintiff's only avenue of recovery is under the Federal Torts Claim Act ("FTCA"), 28 U.S.C. Secs. 1346, 2671-80. 28 U.S.C. Sec. 2679(d)(4).
 
 
 5
 The Attorney General's decision regarding scope of employment certification is conclusive unless challenged. Green v. Hall, 8 F.3d 695, 698 (9th Cir.1993) (per curiam), pet. for cert. filed, 62 U.S.L.W. 3775 (U.S. May 9, 1994) (No. 93-1776). "[T]he party seeking review bears the burden of presenting evidence and disproving the Attorney General's decision to grant or deny scope of employment certification by a preponderance of the evidence." Id. The Attorney General's scope of employment certification is subject to de novo review in both the district court and on appeal. Meridian Int'l Logistics, Inc. v. United States, 939 F.2d 740, 745 (9th Cir.1991). Under FELRTCA, the district court is authorized to hold an evidentiary hearing to resolve factual disputes regarding scope of employment. Pelletier v. Federal Home Loan Bank of San Francisco, 968 F.2d 865, 874 (9th Cir.1992).
 
 
 6
 In determining whether a United States employee acted within the scope of his or her employment, we apply the respondeat superior principles of the state in which the alleged tort occurred. Green, 8 F.3d at 698-99. Under Alaska law, the following factors are relevant in determining whether a person is acting within the scope of his or her employment: (1) whether the conduct is of the kind the employee is employed to perform; (2) whether the conduct occurs substantially within the authorized time and space limits; and (3) whether the conduct is actuated, at least in part, by a purpose to serve the master. Doe v. Samaritan Counseling Ctr., 791 P.2d 344, 347 (Alaska 1990). Where the alleged tortious conduct "arises out of and is reasonably incidental to the employee's legitimate work activities, the 'motivation to serve' test will have been satisfied." Id. at 348.
 
 
 7
 Coon contends that the district court erred by granting summary judgment for the United States because there is a genuine issue of material fact as to whether Anderson was acting within the scope of his employment. This contention lacks merit.
 
 
 8
 In support of its motion for summary judgment, the United States submitted (1) the affidavit of Kenneth Ellison, a Special Procedures Advisor in the Collection Department of the IRS, and (2) Anderson's official job description. This evidence indicates that Anderson was assigned to Coon's collection case when the alleged tortious act occurred, and that the conduct at issue, contacting a third party to obtain information necessary to collect delinquent taxes, is the kind of conduct that Anderson was employed to perform. In opposition to the government's motion, Coon submitted his own affidavit asserting that Anderson intentionally prepared a false affidavit for Fey's signature, and thus, that Anderson was not acting within the scope of his employment. Under Alaska principles of respondeat superior, however, an employer may be held liable for both the negligent and intentional torts of its employees. See Williams v. Alyeska Pipeline Service Co., 650 P.2d 343, 348-49 (Alaska 1982). Thus, the mere fact that Anderson may have acted intentionally is not sufficient to demonstrate that there is a genuine issue of material fact regarding the appropriateness of the Attorney General's certification. See Green, 8 F.3d at 698. Because there are no genuine issues regarding whether Anderson was acting within the scope of his employment, the Attorney General's certification was proper and Coon's only avenue of recovery is under the FTCA. See id.
 
 
 9
 An action under the FTCA cannot be maintained unless the claimant first presents his or her claim to the "appropriate Federal agency" and the claim is denied. 28 U.S.C. Sec. 2675(a); Meridian, 939 F.2d at 743. It is uncontroverted that Coon failed to present his claim to a Federal agency prior to initiating this suit. Accordingly, the district court properly granted summary judgment for the United States because Coon's action is barred under the doctrine of sovereign immunity. See id.
 
 
 10
 Coon also contends that the district court erred by granting summary judgment on remand from this court without first conducting an evidentiary hearing on the issue of certification. We conclude that any possible error committed by the district court was harmless because the district court properly reviewed the Attorney General's certification de novo, see id. at 745, and because the case law of this circuit does not mandate that an evidentiary hearing be held on the issue of certification, see Pelletier, 968 F.2d at 874 (holding only that district court is authorized to hold an evidentiary hearing to resolve factual disputes).
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3