30 F.3d 139
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
MERIDIAN INTERNATIONAL LOGISTICS, INC., Plaintiff-Appellant,
v.
UNITED STATES of America, and Does 1 through 100, inclusive,
Defendant-Appellee.
 No. 93-55082.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 11, 1994.*
Decided July 28, 1994.
 
 1
 Before: POOLE and REINHARDT, Circuit Judges, and TANNER, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Meridian International Logistics ("Meridian") sued FBI Agent Thomas Gates for libel and other torts for statements made in the course of an investigation. The district court substituted the United States as defendant pursuant to 28 U.S.C. Sec. 2679(d)(2) and dismissed the case. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 4
 * Meridian argues on appeal that Agent Gates may not have been acting within the scope of his employment when he allegedly defamed Meridian. We review de novo whether a government employee was acting within the scope of his employment for purposes of the Federal Tort Claims Act ("FTCA"). Meridian Int'l Logistics, Inc. v. United States, 939 F.2d 740, 745 (9th Cir.1991) (Meridian I ).
 
 
 5
 The FTCA provides a cause of action against the government for "persons injured by the tortious activity of an employee of the United States, where the employee was 'acting within the scope of his office or employment...." Id. at 742 (quoting 28 U.S.C. Sec. 1346(b)). If Gates was acting within the scope of his employment, then the FTCA provides Meridian's exclusive remedy. See United States v. Smith, 499 U.S. 160, 166 (1991); Green v. Hall, 8 F.3d 695, 698 (9th Cir.1993). However, the FTCA expressly bars causes of action for libel, slander, and interference with contract. 28 U.S.C. Sec. 2680(h); Meridian I, 939 F.2d at 743. As a jurisdictional limitation, the FTCA also requires claimants to first file their claims with the appropriate federal agency. 28 U.S.C. Sec. 2675(a); Meridian I, 939 F.2d at 743. This Meridian did not do. Consequently, if Gates was acting within the scope of his employment, 28 U.S.C. Secs. 2675(a) and 2680(h) require the dismissal of Meridian's suit.
 
 
 6
 FTCA scope of employment determinations are made "according to the respondeat superior principles of the state in which the alleged tort occurred." Pelletier v. Federal Home Loan Bank, 968 F.2d 865, 876 (9th Cir.1992). In this case, California law applies. California extends respondeat superior liability to cases where "the risk was one 'that may be fairly regarded as typical of or broadly incidental' to the enterprise undertaken by the employer." Mary M. v. City of Los Angeles, 54 Cal.3d 202, 209, 814 P.2d 1341 (1991) (quoting Perez v. Van Groningen & Sons, Inc., 41 Cal.3d 962, 969, 719 P.2d 676 (1986)). Under this rule, even "[t]ortious conduct that violates an employee's official duties or disregards the employer's express orders may nonetheless be within the scope of employment." Id. Only where an employee has "substantially depart[ed] from his duties for purely personal reasons" will liability fail to attach. John R. v. Oakland Unified School Dist., 48 Cal.3d 438, 447, 769 P.2d 948 (1989).
 
 
 7
 Meridian relies heavily on the declaration of former agent Ted Gunderson, who states that he does not believe Gates' inquiries would have been authorized under FBI policy. But under California law, FBI policy is not especially relevant; the inquiry instead is whether the employee's actions were "broadly incidental" to the employer's enterprise, whether violative of policy or not.
 
 
 8
 We have carefully reviewed the government's declarations. They establish that Agent Gates' actions were "broadly incidental" to the FBI's mission. We conclude that Agent Gates was acting within the scope of his employment at all relevant times.
 
 II
 
 9
 Meridian also contends that the district court erred by continuing to limit access to the government's submissions by reviewing all evidence in camera and ex parte. This court has already expressly approved the use of that procedure in this case. Meridian I, 939 F.2d at 745. However, Meridian argues that the factual context had changed since Meridian I, because the FBI's investigation had allegedly been completed.
 
 
 10
 That allegation is unsupported by any evidence submitted either to the district court or to this court. To the contrary, uncontradicted evidence submitted to the district court indicated that the government's filings were related to a still-ongoing investigation. Accordingly, we decline to reconsider our earlier approval of the procedures used in this case.
 
 
 11
 In the alternative, Meridian suggests that a stay until after the completion of any FBI investigations might have been appropriate. A stay might arguably have allowed Meridian the opportunity to review and contest the government's submissions.
 
 
 12
 We conclude that the district court did not err in declining to stay proceedings. The government's submissions leave absolutely no doubt that Agent Gates was acting within the scope of his employment. Because the result in this case was clear, no possible purpose could have been served by issuing a stay.
 
 
 13
 For the foregoing reasons, the judgment of the district court dismissing Meridian's action is affirmed.
 
 
 14
 AFFIRMED.
 
 
 
 *
 Pursuant to Ninth Circuit Rule 34-4, the panel unanimously finds this case suitable for disposition without oral argument
 
 
 **
 The Honorable Jack E. Tanner, Senior United States District Judge for the Western District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3