61 F.3d 911
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Roberta A. MOLLOY, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 94-55183.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 12, 1995.*
Decided July 19, 1995.
 
 1
 Before: FARRIS and O'SCANNLAIN, Circuit Judges; TASHIMA,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Postal worker Molloy brought suit under the Federal Tort Claims Act, 28 U.S.C. Sec. 2671 et seq., alleging assault and battery by her supervisor Martinez. The United States was substituted as defendant. The district court granted summary judgment for the United States. We affirm.
 
 
 4
 * Roberta Molloy, a clerk for the United States Postal Service, worked at the Saviers Station Post Office in Oxnard, California. On April 17, 1991, Mark Martinez, a supervisor, was at the Saviers Station Post Office to conduct route inspections. A route inspection involves monitoring a carrier to determine how long it takes the carrier to sort and deliver mail. Wolney, also a supervisor, was likewise at Saviers Station to conduct a route inspection of Sparger, a carrier. Wolney asked Martinez to watch Sparger while Wolney went to the restroom.
 
 
 5
 Molloy, on her way leaving work for a doctor's appointment, began talking with Sparger and another carrier. Martinez told Molloy that the carriers were being audited and that she was "bothering the carriers by talking to them, and to leave them alone." Molloy responded: "I'm not on the clock. I'm not talking to you." Martinez then allegedly grabbed Molloy's elbow and told her to go to the manager's office. Molloy pulled her arm out of his grip and headed for the door. Martinez called to a supervisor that he needed Molloy in the office. Although the supervisor asked Molloy to go to the office, Molloy left the building.
 
 
 6
 Molloy brought a common-law tort action alleging assault and battery against Martinez in state court. The United States removed the action to federal court and was substituted as defendant. On December 16, 1993, the district court granted summary judgment for the United States.
 
 II
 
 7
 The Federal Tort Claims Act ("FTCA"), by waiving the federal government's sovereign immunity, provides the sole remedy against the United States for torts committed by its employees in the scope of their employment. 28 U.S.C. Secs. 1346(b), 2671-80. However, the FTCA's waiver expressly excludes claims "arising out of assault [or] battery." 28 U.S.C. Sec. 2680(h). Thus, if Martinez's actions were taken in the scope of his employment for the U.S. Postal Service, Molloy's claims of assault and battery are barred. The district court held that Martinez was acting within the scope of his employment. We review this mixed question of law and fact de novo. Meridian Int'l Logistics, Inc. v. United States, 939 F.2d 740, 745 (9th Cir. 1991).
 
 
 8
 The question whether a federal employee whose allegedly tortious conduct is the subject of a lawsuit under the FTCA was acting within the scope of his employment is analyzed under the respondeat superior principles of the state in which the alleged act occurred -- in this case, California. Pelletier v. Federal Home Loan Bank of San Francisco, 968 F.2d 865, 876 (9th Cir. 1992); Doggett v. United States, 875 F.2d 684, 686 (9th Cir. 1988). "Under California law, the determinative factor in establishing vicarious liability under the doctrine of respondeat superior is not whether the employee's act was authorized, but whether the act was committed in the course of carrying out the employer's business." Pelletier, 968 F.2d at 876 (citing Perez v. Van Groningen & Sons, Inc., 227 Cal. Rptr. 106, 109 (1986)). "Vicarious liability thus may attach for unauthorized, or even prohibited, conduct, if the risk of the conduct is one that may fairly be regarded as typical of or broadly incidental to the enterprise undertaken by the employer." Perez, 227 Cal. Rptr. at 108 (quotations omitted).
 
 
 9
 Accepting Molloy's version of the facts as true, we nonetheless hold that Martinez was acting well within the perimeter of the scope of his employment. Martinez was at Saviers Station to conduct route inspections, and he was monitoring a carrier who was the subject of a route inspection at the time of the incident. Martinez explained to Molloy that he believed she was distracting a carrier who was being inspected. When Molloy responded, Martinez allegedly grabbed Molloy's elbow in the course of asking her to go to the manager's office. Martinez's attempt to control what he saw as a disruption to a route inspection was clearly "motivated in part by an intent to serve the employer." Pelletier, 968 F.2d at 877. In short, Martinez's actions certainly bore "some relation to the employee's duties." Alma W. v. Oakland Unified School Dist., 176 Cal. Rptr. 287, 290 (Cal. App. 1981).
 
 
 10
 Because Molloy's claims of assault and battery arise out of Martinez's conduct in the scope of his employment, they are excluded from the FTCA's waiver of sovereign immunity. The district court therefore lacked jurisdiction over Molloy's claims, and summary judgment for the United States was appropriate.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed. R. App. P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 The Honorable A. Wallace Tashima, United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3