76 F.3d 387
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Antoinette LAWRENCE, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 94-16296.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 6, 1995.
Decided Jan. 25, 1996.
 
 1
 Before: GOODWIN and REINHARDT, Circuit Judges, KING, District Judge*.
 
 
 2
 MEMORANDUM**
 
 
 3
 Plaintiff Antoinette Lawrence appeals the dismissal of her slander action, pursuant to F.R.Civ.P. 12(b)(6), arguing that the original defendant, Myron Flo, was not entitled to immunity because he was not acting within the scope of his employment as a HUD employee. Lawrence also appeals the denial of her request for additional discovery to look for information which might prove that Myron Flo was not acting within the scope of his employment when he made a negative comment about Lawrence to a news medium.
 
 
 4
 We review the district court's determination that an employee was acting within the scope of his federal office or employment de novo. Meridian Int'l Logistics, Inc. v. United States, 939 F.2d 740, 745 (9th Cir.1991). We review for abuse of discretion the district court's denial of appellant's request to conduct limited discovery or to hold an evidentiary hearing. Id.
 
 I. Scope of Employment
 
 5
 In Pelletier v. Federal Home Loan Bank of San Francisco, 968 F.2d 865 (9th Cir.1992), in determining whether a defendant was acting within the scope of his employment, we wrote that even though the defendant's conduct was not authorized as part of his day-to-day employment, his
 
 
 6
 doing so did not constitute a deviation from his duties [because the purpose of his conduct was] to further his employer's 'business' ... namely, that of ensuring that the management ... was entrusted to competent, reliable, and trustworthy individuals. Pelletier at 876-77.
 
 
 7
 In the instant case, the district court analyzed the facts guided by Pelletier and concluded that Myron Flo had made his statements to the press to "further his employer's 'business'--ensuring that the management of federally funded housing programs was entrusted to competent, reliable and trustworthy individuals." (Final Order at 8). We agree.
 
 II. Request for Limited Discovery
 
 8
 The district court should permit discovery and conduct a hearing when these steps are necessary to resolve the scope of employment question. Schrob v. Catterson, 967 F.2d 929, 938 (3d Cir.1992). Lawrence's only argument supporting her claim that she was entitled to discovery is that she might have discovered that the defendant was acting in pursuit of his own personal ends rather than in the scope of his employment. The faint hope of finding an exclusive or dominant personal motive was not enough to require the district court to exercise its discretion in Lawrence's favor. First, the pleadings obviously did not identify a genuine issue of material fact concerning the scope of employment. Second, plaintiff did not submit any declarations on this point other than a short, vague and conclusory declaration from counsel. That declaration was insufficient to justify the issuance of a discovery order. Finally, when at oral argument in the district court, Judge Henderson asked Lawrence's counsel if he could offer any facts to support his claim that the defendant acted for personal reasons, he simply offered to go to the judge's chambers and give him information ex parte. Given the total failure of Lawrence to make a sufficient showing of a reason for discovery, the district court did not abuse its discretion when it denied the discovery request.
 
 
 9
 AFFIRMED.
 
 
 
 *
 Honorable Samuel P. King, Senior United States District Judge for Hawaii sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3