87 F.3d 1320
 78 A.F.T.R.2d 96-5206
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Norman KATZ; Suzanne L. Hill, Plaintiffs-Appellants,
v.
UNITED STATES of America; Commissioner of Internal Revenue,
Defendants-Appellees.
 No. 95-55819.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1996.*
Decided June 19, 1996.
 
 Before: CANBY, NOONAN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Norman Katz appeals pro se the district court's dismissal of his action against the United States and the Commissioner of Internal Revenue ("Commissioner") seeking a "set-off" in the amount of $2,500 against an asserted deficiency in his federal income taxes for the tax year 1981.[1] Katz alleged that the United States failed to prosecute the promoters of a tax shelter in which he invested despite evidence that these individuals engaged in fraud. Katz claims that the government's failure to prosecute these individuals cost him the amount of money that he invested in the scheme. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, see Jensen v. IRS, 835 F.2d 196, 198 (9th Cir.1987), and we affirm.
 
 
 3
 Katz contends that the district court erred by dismissing his action for lack of jurisdiction. This contention lacks merit.
 
 
 4
 It is settled law that the United States, as a sovereign, may not be sued without its express consent, and that the terms of that consent define the court's jurisdiction. United States v. Dalm, 494 U.S. 596, 608 (1990). Thus, Katz must identify the statute which authorizes his suit against the government. See FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990).
 
 
 5
 Here, Katz failed to establish that the United States waived its sovereign immunity to suit. Katz argues that the Federal Torts Claim Act ("FTCA"), 28 U.S.C. §§ 2671-2680, provides the basis for his suit against the government, notwithstanding his failure to cite the FTCA in his amended complaint.[2] Katz claims that the employees of the Internal Revenue Service negligently failed to refer information concerning the alleged criminal activities of the promoters of the tax shelter to the proper authorities and that such negligence is actionable under the FTCA. We disagree.
 
 
 6
 First, although the United States has waived its sovereign immunity to suit under the FTCA for torts committed by its agents and employees while acting within the scope of their duties, see 28 U.S.C. § 2680, the waiver does not extend to claims "arising in respect of the assessment or collection of any tax ..., [28 U.S.C. § 2680(c) ]." Second, even assuming that Katz's claim was actionable under the FTCA, he failed to establish that he complied with the terms of that statute by filing a timely administrative claim before bringing his action in federal court. See 28 U.S.C. § 2675(a); Meridian Int'l Logistics, Inc. v. United States, 939 F.2d 740, 745 (9th Cir.1991). Accordingly, the district court did not err by dismissing Katz's action.
 
 
 7
 We also reject Katz's assertion that the district judge in this case was biased. See Liteky v. United States, 114 S.Ct. 1147, 1157-58 (1994). We have considered Katz's remaining contentions and find them to lack merit.
 
 AFFIRMED.[3]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because Suzanne Hill did not sign the notice of appeal, she is not treated as a party on appeal. See Fed.R.App.P. 3(c)
 
 
 [2]
 Because Katz concedes that he is not seeking a refund of his federal income taxes, see Appellant's Opening Brief at 4, we need not address whether the district court had jurisdiction under 26 U.S.C. § 7422
 
 
 [3]
 Because we conclude that the district court properly dismissed Katz's action for lack of subject matter jurisdiction, we need not address Katz's contention that the district court erred by dismissing his action for failure to file an opposition motion