**David L. SMITH, Plaintiff—Appellant,**

v.

**Steven R. RENSCH; et al.,
Defendants—Appellees.**

No. 04–17137.

D.C. No. CV–04–01253–FJM.

United States Court of Appeals,
Ninth Circuit.

Submitted April 4, 2005.*

Decided April 18, 2005.

David L. Smith, Las Vegas, NV, pro se.

Steven R. Rensch, Mesa, AZ, pro se.

Michael J. Zdancewicz, Christopher Gene Hamill, Esq., Atkinson, Hamill & Barrowclough, Robert Paul Lindfors, Carson Messinger Elliott Laughlin & Ragan PLLC, Richard G. Patrick, Asst. U.S. Atty., USPX—Office of the U.S. Attorney, Phoenix, AZ, for Defendants–Appellees.

Before KOZINSKI, HAWKINS, and CLIFTON, Circuit Judges.

### MEMORANDUM**

David L. Smith appeals pro se the district court's order dismissing his action in which he alleged slander relating to a property foreclosure. We review de novo the scope of employment certification, *see Meridian Int'l Logistics, Inc. v. United States*, 939 F.2d 740, 745 (9th Cir.1991), and we affirm.

Smith initially filed in state court. Defendants removed to federal court based on the United States Attorney's certification that the federal judges Smith named as defendants had been acting within the scope of their employment. On appeal, Smith challenges the propriety of the employment certification and thus the basis for removal jurisdiction.

The district court properly accepted the United States Attorney's certification that Smith's allegations faulted federal judges for actions taken within the scope of their employment. *See Green v. Hall*, 8 F.3d 695, 698 (9th Cir.1993). There is no requirement that the district court hold an evidentiary hearing to determine whether the judicial officers were acting within their judicial capacity. *See e.g. Sameena Inc. v. United States Air Force*, 147 F.3d 1148, 1152 (9th Cir.1998) (reviewing without objection a substitution based on certification and the allegations of the complaint alone). Consequently the district court properly exercised removal jurisdiction. *See Meridian*, 939 F.2d at 743–44.

Smith's remaining contentions lack merit.

All outstanding motions are denied.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Circuit Rule 36–3.