**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EVELYN DAVIDSON, | No. 11-17572 |
| Plaintiff - Appellant, | DC No. 2:10 cv-2502 FCD |
| v. | |
| CARL E. KORMAN; PETE GEREN; JOHN McHUGH, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Frank C. Damrell, Senior District Judge, Presiding

Submitted June 14, 2013[**]
San Francisco, California

Before:   TASHIMA and BYBEE, Circuit Judges, and WOOD, Senior District
Judge.[***]

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

[***]   The Honorable Kimba M. Wood, Senior United States District Judge for the Southern District of New York, sitting by designation.

Evelyn Davidson was employed by the Army Corps of Engineers ("ACE") as an attorney. She claims that she was fired in retaliation for challenging a racially and sexually hostile work environment, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* She further alleges that her immediate supervisor, Carl Korman, made various misrepresentations that constitute common-law fraud. Her Title VII claim was dismissed, on a motion for judgment on the pleadings, for failure to state a prima facie case that she engaged in a protected activity. Her fraud claim was dismissed as preempted by the Federal Tort Claims Act, 28 U.S.C. §§ 2679(a), 2679(b)(1) ("FTCA"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

**1.** Davidson failed to allege a prima facie case that she was fired in retaliation for opposing what she reasonably believed constituted a racially and sexually hostile work environment, in violation of Title VII. *See* 42 U.S.C. § 2000e-3(a); *Freitag v. Ayers*, 468 F.3d 528, 541 (9th Cir. 2006). The relevant

---

[1] Dismissals under Fed. R. Civ. P. 12(b)(1) and 12(c) are subject to *de novo* review. *See Zuress v. Donley*, 606 F.3d 1249, 1252 (9th Cir. 2010), *cert. denied*, 131 S. Ct. 3056 (2011); *MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1081 (9th Cir. 2006). Our review of a Rule 12(c) dismissal is limited to "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012); *see* Fed. R. Civ. P. 12(d); *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).

facts concern Davidson's interactions with two individuals: Patricia Hawkins, a fellow ACE attorney-employee, and Korman, Davidson's supervisor.

Hawkins allegedly made two racist comments: (1) Hawkins opined that the young son of an African-American ACE employee received a particular commendation plaque from a judge only because the judge was black; and (2) Hawkins told Davidson that Hawkins had trouble working with blacks when she practiced law in Hawaii.[2] No reasonable person would consider such remarks made by a co-worker "an unlawful employment practice of an employer" rather than "an act of discrimination by a private individual." *Silver v. KCA, Inc.*, 586 F.2d 138, 141 (9th Cir. 1978). Moreover, no reasonable person would consider Hawkins' isolated and offhand comments as working a discriminatory "change in the terms and conditions of [Davidson's] employment." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998).

Davidson also alleges that, during what appears to be a single conversation, Korman told her about his uncle's phone sex business, that he started to tell her about one of the uncle's sexual exploits, and that he told her that he prevented the ACE from disciplining an employee who was caught looking at nude photos at work because Korman did not think the employee had violated the law. That

---

[2] These comments were not directed at Davidson, who is Caucasian.

3

conversation is "at worst an 'isolated inciden[t]' that cannot remotely be considered 'extremely serious,' as [the Supreme Court's] cases require." *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 271 (2001) (per curiam) (first alteration in original) (quoting *Faragher*, 524 U.S. at 788). And, like Hawkins' racist comments, Korman's sexual comments bore no nexus to the terms or conditions of Davidson's continued employment at the ACE. In short, no reasonable person would consider the conversation with Korman as rising to the level of creating a sexually hostile work environment. The district court properly granted Defendants' motion for judgment on the pleadings as to this claim.

    **2.**    The district court properly dismissed Davidson's fraud claim because it was preempted by the FTCA.[3] As the court observed, the FTCA is the exclusive remedy for torts committed by federal employees while acting within the scope of their duties. *See* 28 U.S.C. §§ 2679(a), 2679(b)(1). In such cases, "the FTCA is the exclusive mode of recovery for the tort of a Government employee even when

---

    [3]    This case was originally filed in the Northern District of California and was transferred from that district to the Eastern District of California. *See Davidson v. Korman*, No. 4:09 cv-1695 SBA (N.D. Cal. Dec. 1, 2009). Before the transfer, however, the transferor court dismissed Davidson's fraud claims against Korman. The transferee court then dismissed the Title VII claim against Korman because he was not the head of a department, agency, or unit, as required by Title VII. Davidson does not appeal that portion of the decision below. She does, however, appeal the transferor court's dismissal of her fraud claim against Korman.

4

the FTCA itself precludes Government liability." *Meridian Int'l Logistics, Inc. v. United States*, 939 F.2d 740, 743 n.1 (9th Cir 1991) (internal quotation marks omitted). Although Davidson points to the manner in which Korman fired her as evidence of conduct outside the scope of duty, she has waived the dispositive question: whether Korman was acting outside the scope of duty when he committed the alleged fraud. *See* Fed. R. App. P. 28(a)(9)(A) (requiring that Appellant's Brief contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"). The manner in which Korman fired Davidson simply has no bearing on whether the alleged fraud was committed within the scope of Korman's duties. *See* 28 U.S.C. § 2679(b)(1).[4]

**AFFIRMED.**

---

[4] Davidson also argues, in the alternative, that she has substantially complied with FTCA's administrative exhaustion requirements. We need not reach this issue because Davidson has not alleged a viable FTCA claim.