FILED

AUG 30 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **ROBERT H. WOLCOFF; HEATHER WOLCOFF,**<br><br>Plaintiffs - Appellants,<br><br>v.<br><br>**UNITED STATES OF AMERICA,**<br><br>Defendant - Appellee. | No. 12-35891<br><br>D.C. No. 3:08-cv-00032-SLG<br><br>**MEMORANDUM**[*] |

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, District Judge, Presiding

Argued and Submitted August 15, 2013
Anchorage, Alaska

Before:      **KOZINSKI,** Chief Judge, **BERZON** and **IKUTA,** Circuit Judges.

**1.**  We've held that non-delegable duty is a theory of vicarious liability

under Alaska law.  M.J. v. United States, No. 11-35625, 2013 WL 3285288, at *1

(9th Cir. July 1, 2013) (relying on Ward v. Lutheran Hosps. & Homes Soc'y of

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Am., Inc., 963 P.2d 1031, 1034–35 n.5 (Alaska 1998)). Because the United States hasn't waived immunity for torts by a contractor or its employees under the Federal Torts Claim Act, the United States can't be "vicariously liable for the negligence . . . of an independent contractor." Yanez v. United States, 63 F.3d 870, 872 (9th Cir. 1995). Accordingly, the Wolcoffs can't hold the United States vicariously liable for the alleged negligence of Dr. Yost. Therefore, it's irrelevant whether the rule enunciated in Fletcher v. S. Peninsula Hosp., 71 P.3d 833 (Alaska 2003), extends to operating rooms, and the district court did not abuse its discretion in declining to certify this question to the Alaska Supreme Court.

**2.** The district court didn't abuse its discretion by denying the Wolcoffs leave to amend their complaint to add claims against Dr. Yost and the United States for failure to obtain informed consent. Amendment would have been futile, because neither Alaska's informed consent statute, Alaska Stat. § 09.55.556, nor Alaska case law required disclosure of information concerning Dr. Yost.

**3.** The district court didn't abuse its discretion by denying the Wolcoffs' motion to bring negligent supervision and negligent assistance claims against the United States at trial, given that these theories were not presented until the Wolcoffs' trial brief. For the same reason, the district court didn't abuse its

discretion when it excluded the Wolcoffs' expert evidence supporting these claims.

See  Wong v. Regents of the Univ. of Cal., 410 F.3d 1052, 1062 (9th Cir. 2005);

Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir.

2001).

**AFFIRMED.**